**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21145

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**CENTRAL ISLIP DIVISION**

| | |
|---|---|
| Brigette J. Giacomantonio, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>Alltran Financial, LP,<br><br>          Defendant. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Brigette J. Giacomantonio, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant Alltran Financial, LP as follows:

### INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3. This court has jurisdiction over defendant Alltran Financial, LP because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Brigette J. Giacomantonio ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Alltran Financial, LP ("Defendant") is a company existing under the laws of the State of Texas, with its principal place of business in Houston, Texas.

8. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's businesses is the collection of such debts.

12. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall

mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

16. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

17. The alleged Debt does not arise from any business enterprise of Plaintiff.

18. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

20. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

21. In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

22. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

23. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor.

24. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

25. Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

3

26. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

27. That letter, dated February 1, 2021, was received and read by Plaintiff. (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1.**")

28. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

29. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

30. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

31. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

32. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

33. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

34. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

35. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

36. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

37. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

38. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

39. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

40. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

41. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

42. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

43. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

44. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

45. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

### SECOND COUNT
### Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

46. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

47. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

48. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

49. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

50. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

51. A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

52. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

6

53. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

54. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

55. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

56. The Letter contains multiple addresses for Defendant.

57. The first address is a PO Box address, located at top left of the coupon, and is: PO BOX 4044 CONCORD CA 94524-4044.

58. The second address is also PO Box address, located at bottom right of the coupon, and is: PO BOX 722910 HOUSTON TX 77272-2910.

59. The third address is a physical address located at the bottom of the Letter, but explicitly states that the address caters to complaints about the way the debt is being collected upon.

60. To be entitled to obtain verification of the debt or a copy of a judgment against the consumer pursuant to 15 U.S.C. § 1692g(a)(4), the consumer must dispute the debt in writing.

61. To be entitled to obtain the name and address of the original creditor, if different from the current creditor, pursuant to 15 U.S.C. § 1692g(a)(5), the consumer must request such in writing.

62. The Letter fails to instruct the consumer to which of the multiple addresses provided requests for the name of the original creditor must be sent.

63. As a result of the multiple addresses, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her written dispute.

64. As a result of the multiple addresses, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her written dispute.

65. Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all.

66. Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

67. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

68. Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to dispute the debt provided by 15 U.S.C. § 1692g(a)(3).

69. Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

70. Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

71. Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to dispute the alleged Debt provided by 15 U.S.C. § 1692g(a)(3).

72. Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

73. Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

74. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

75. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

76. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

77. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

78. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

79. The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided, she must send her written dispute.

80. The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided, she must send her written dispute.

81. The least sophisticated consumer could reasonably interpret the Letter to mean that

9

she could send her written dispute to any of the multiple addresses provided.

82. As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation concerning where the consumer must send her written dispute, at least one of which is inaccurate.

83. As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her written dispute.

84. Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

85. For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

86. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

87. Plaintiff seeks to certify two class of:

> i. All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

> ii. All consumers to whom Defendant sent a collection letter containing multiple addresses, with no clarification as to the one to be used for disputing the debt, which letter was sent on or after a date one year prior to the filing of this action to the present.

88. This action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

89. The Class consists of more than thirty-five persons.

90. Plaintiff's claims are typical of the claims of the Class. Common questions of law

or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

91. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

92. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

93. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendant's actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

11

    e.  Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

    f.  Awarding the costs of this action to Plaintiff; and

    g.  Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

    h.  Such other and further relief that the Court determines is just and proper.

DATED: April 22, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: s/ *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21145
*Attorneys for Plaintiff*